STATE OF HAWAI`I, Plaintiff-Appellee,
v.
YVONNE M. McMILLEN, Defendant-Appellant
No. 28768
Intermediate Court of Appeals of Hawaii.
July 29, 2008.
On the briefs:
William H. Jameson, Jr. for Defendant-Appellant.
Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Defendant-Appellant Yvonne M. McMillen (McMillen) appeals the Judgment of Conviction and Sentence filed on August 29, 2007 in the Circuit Court of the First Circuit (circuit court).[1]
The circuit court found McMillen guilty of Methamphetamine Trafficking in the Second Degree, in violation of Act 230, § 4 (2006), now codified as Hawaii Revised Statutes (HRS) § 712-1240.8 (Supp. 2007); Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (Supp. 2007); Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993); and Promoting a Detrimental Drug in the Third Degree, in violation of HRS § 712-1249 (1993).
On appeal, McMillen challenges only her conviction for Methamphetamine Trafficking in the Second Degree and contends that there was insufficient evidence to show she intended to distribute methamphetamine and that she was merely a procuring agent of a methamphetamine buyer. McMillen also contends that the circuit court's Conclusions of Law (COLs) 4, 5, and 6 were wrong.
HRS § 712-1240.8(1) provides:
§712-1240.8 Methamphetamine trafficking in the second degree. (1) A person commits the offense of methamphetamine trafficking in the second degree if the person knowingly distributes methamphetamine in any amount.
"'To distribute' means to sell, transfer, prescribe, give, or deliver to another, or to leave, barter, or exchange with another, or to offer or agree to do the same. HRS § 712-1240 (1993). "'To sell' means to transfer to another for consideration. HRS § 712-1240.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McMillen's points of error as follows:
When the evidence is taken in the light most favorable to the State, there is substantial evidence to support the circuit court's determination that McMillen knew a "hundred" referred to methamphetamine and not an unspecified "illicit drug." Officers Obena and Fu stated that a "hundred" refers to a purchase of $100 worth of methamphetamine. Officer Obena was given methamphetamine in exchange for $100, despite the fact that Officers Obena, McMillen, and Kuoha did not verbally specify that the contemplated transaction involved methamphetamine. Thus, there is substantial evidence to support the determination that McMillen intended to distribute methamphetamine and not an unspecified "illicit drug."
McMillen did not merely help Officer Obena locate methamphetamine. McMillen negotiated the sale with Officer Obena, resulting in an agreement to sell methamphetamine to Officer Obena. The sale would have been completed but for McMillen's lack of possession of the methamphetamine when Officer Obena returned. McMillen's lack of handling of money or the methamphetamine is irrelevant because HRS § 712-1240.8 does not require an actual exchange of methamphetamine and money. The offense may be committed if a person knowingly offers or agrees to sell, transfer, prescribe, give, or deliver to another, or knowingly offers or agrees to leave, barter, or exchange with another methamphetamine. Therefore, there was substantial evidence that McMillen was guilty of Methamphetamine Trafficking in the Second Degree and the circuit court's COLs 4, 5, and 6 were not wrong.
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on August 29, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Michael A. Town presided.